Ludeling, C. J.,
dissenting. Two judgment creditors of W. F. Doughty having caused his property to be seized under executions, he enjoined the sale, on the ground that one hundred and sixty acres were exempt from seizure and sale under the act of the General Assembly commonly known as the homestead exemption law. The creditors averred that their debts existed before the passage of said law, and that the law could not have a retroactive effect; and they prayed for the dissolution of the injunction with damages.
There was judgment in favor of the plaintiff, and the defendants have appealed.
The evidence shows that the debts existed prior to the passage of the law. The rule is that laws prescribe only for the future, and there is nothing in this law to indicate that the legislators intended that it should have a retroactive effect.
Courts ought not to consider a law applicable to cases which existed before its passage, unless the legislators have clearly indicated that such was their intention. 3 N. S. 270; 7 La. 280; 14 An. 27.
In this case, if the law had expressed that obligations existing before its passage should be destroyed either in whole or in part, the law would have been unconstitutional; and so it would be, if the construe- . tion be correct, which is contended for by the plaintiff, that his property is exempted from seizure for the payment of a debt contracted before the law was enacted.
It is the duty of courts to so construe statutes as to give them effect, if possible. And, accordingly, the Widows’ Homestead act and the Homestead Exemption law have been interpreted not to apply to obligations which existed at the time said acts were enacted. 10 An. 509, Succession of Taylor; 12 An. 553, Milne v. Schmidt; 20 An. 244, Roupe v. Carradine; 25 An. 142, Mills v. Sheriff et al.
Whatever there is in the opinion in the case of Robert v. Coco, 25 An. 199, which may be in conflict with this view, is not approved.
It is contended by the plaintiff that inasmuch as the debts of the defendants were not secured by a mortgage on his lands, they had no right on the land which could be lawfully exempted by the Legislature from seizure to pay said debts, and that said exemption ^either impaired the obligation of the contracts nor divested rights.
The obligation of a contract is that which the law, in force at the time the contract is made, obliges the parties to do or not to do. The right of each is to obtain a performance of what the other bound himself to do. The remedy is the means or manner provided to enforce this right. But if the remedy or means for enforcing the right be wholly destroyed, the right or obligation is destroyed, because a legal right is one which can be enforced. C. C. 1757.
*360 I think it is clear that a law passed subsequent to the creation of a debt, which would exempt all of the debtor’s property from the payment of his debt, would be- unconstitutional; and that it would be equally so if a part of it was placed out of reach of execution, provided the portion left liable was not sufficient to satisfy the debt. 4 Wheat. 122; 8 Wheat. 1; 6 Wheat. 131; 6 N. S. 591.
I can not, therefore, adopt the construction contended for by the plaintiff, and I dissent from the opinion of the court.